**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHESTER RAY EASTHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-12-769-D** |
| | ) | |
| **JUSTIN JONES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**REPORT AND RECOMMENDATION**</u>

<u>**Defendant Justin Jones**</u>

**I.   Plaintiff's complaint.**

Through this civil rights complaint, Plaintiff claims that Oklahoma

Department of Corrections (DOC) Director Justin Jones – along with the warden

of the Lawton Correctional Facility (LCF), a private prison, and three facility

doctors – failed to provide him with adequate medical care for cataracts and his

shoulder, subjecting him to cruel and unusual punishment. Doc. 1. Specifically,

Plaintiff maintains the Defendants determined a surgical procedure

recommended by an eye specialist to be medically unnecessary and canceled a

scheduled appointment. *Id.* at 2, 4.[1]  He alleges that as a consequence of his

---

[1]    Page citations to the complaint are in sequential order and reflect
this court's CMECF pagination.

cataracts, he "could not see the person coming"[2] and was assaulted and fell, hitting his elbow on a concrete floor and injuring his shoulder. *Id.* Plaintiff further alleges that from the time of that incident he made many attempts to obtain proper medical treatment, including an MRI; that he has been in "extreme pain and discomfort" and "doctored with ibuprofen"; that his requests for medical records have been denied; and, that a scheduled reevaluation has not occurred. *Id.*

## II.    Relevant procedural history.

United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to § 636(b)(1)(B), (C). Pursuant to court order, Doc. 11, and consistent with *Martinez v. Aaron*, 570 F. 2d 317 (10th Cir. 1978), a Special Report regarding the subject matter of the complaint was submitted. Doc. 20. At the same time, Defendant Jones, in both his individual and official capacities, filed a Motion to Dismiss. Doc. 21. Plaintiff then filed two responses, the first an objection to perceived deficiencies in the Special Report, Doc. 25, and the second to the merits of Defendant Jones' motion. Doc. 26. In response to that portion of the motion requesting dismissal of his claims against Defendant Jones in his official

---

[2]       Unless otherwise indicated, quotations in this report are reproduced verbatim.

capacity, Plaintiff candidly acknowledged "that Defendant Jones enjoys the protection of Eleventh Amendment immunity" and asked the court to dismiss those claims. *Id.* at 1-2. Defendant Jones subsequently filed a reply brief, Doc. 27, and the motion is at issue.

The undersigned recommends the dismissal of all claims against Defendant Jones in his official capacity pursuant to Plaintiff's request and, for the following reasons, recommends the dismissal of all claims against Defendant Jones in his individual capacity.

## III.   Analysis.

### A.   Standard of review.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Iqbal*, 556 U.S. at 678.  "The court's function on a Rule 12(b)(6)

motion is not to weigh potential evidence that the parties might present at trial,

but to assess whether the plaintiff's complaint alone is legally sufficient to state

a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565

(10th Cir. 1991).

### B.     Plaintiff's individual capacity claims against Defendant Jones.

#### 1.     Personal liability.

"A § 1983 defendant sued in an individual capacity may be subject to

personal liability and/or supervisory liability." *Brown v. Montoya*, 662 F.3d

1152, 1163 (10th Cir. 2011).  Personal liability "under § 1983 must be based on

personal involvement in the alleged constitutional violation." *Foote v. Spiegel,*

118 F.3d 1416, 1423 (10th Cir. 1997).

Defendant Jones maintains Plaintiff has not plausibly alleged that

Defendant Jones was personally involved in any alleged Eighth Amendment

violations. Doc. 21, at 5-6.  As a practical matter, he notes that while Plaintiff

complains about a series of events that occurred in Lawton, Oklahoma, he  has

admitted that Defendant Jones offices in Oklahoma City.  *Id.* at 6; Doc. 1, at 1.

Plaintiff does not dispute that fact, arguing instead that Defendant Jones "had

been put on notice of Plaintiff's medical needs" through the grievance process

and failed to act, allowing the conditions leading to the assault to exist.  Doc. 26,

4

at 6.

Allegations that an official ignored a grievance do not amount to a valid claim of personal liability. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("We agree with the reasoning in our previous unpublished decisions that a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."). Plaintiff fails to allege any facts showing that Defendant Jones was responsible for a constitutional violation under a theory of personal liability.

### 2.   Supervisory liability.

"Supervisory liability 'allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, [or] implements . . . a policy . . . which subjects, or causes to be subjected that plaintiff to the deprivation of any rights . . . secured by the Constitution." *Brown*, 662 F.3d at 1163-64 (quoting *Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010)). In his response to Defendant Jones' motion, however, Plaintiff does not assert that Defendant Jones implemented a policy that resulted in the deprivation of Plaintiff's Eighth Amendment rights. Rather, Plaintiff's claim is that he was harmed when Defendant Jones *failed to* provide "adequate medical care in accordance with ODOC medical and operating standards" and "because of

Director Jones' *inactions* as the final policy maker for ODOC, which the warden and medical official of the Lawton Correctional Facility ("LCF") are required to follow."  Doc. 26, at 2, 4 (emphasis added).

Plaintiff has not alleged any facts showing that Defendant Jones was responsible for a constitutional violation under the theory of supervisory liability.

## IV.   Recommendation and notice of right to object.

For these reasons, the undersigned recommends that (1) Defendant Jones' motion to dismiss, Doc. 21, be granted; (2) Plaintiff's official capacity claims against Defendant Jones be, at Plaintiff's request, dismissed with prejudice; and (3) Plaintiff's individual capacity claims against Defendant Jones be dismissed without prejudice.

The parties are advised of their right to object to this Report and Recommendation by April 18, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).  This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

6

ENTERED this 28th day of March, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE