**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHESTER RAY EASTHAM, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JUSTIN JONES, et al., )<br>)<br>Defendants. ) | NO. CIV-12-769-D |

**O R D E R**

Plaintiff, a former Lawton Correctional Facility ("LCF") inmate[1] appearing *pro se,* brought this action pursuant to 42 U. S. C. § 1983, alleging that the defendants violated his Eighth Amendment rights by failing to provide him with medical treatment for cataracts and his shoulder. In accordance with 28 U. S. C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings.

Following the dismissal of Justin Jones as a defendant, Defendant Michael Engelsgjerd, M.D. ("Dr. Engelsgjerd") filed a motion for summary judgment [Doc. No. 42]. A separate motion for summary judgment [Doc. No. 44] was jointly filed by Defendants Claude Chester ("Warden Chester"), Kirk Smith, M.D. ("Dr. Smith"), and Mark Stevens ("Stevens"), the Health Services Administrator of LCF. In the motions, Defendants argue that, with respect to Plaintiff's claim involving medical treatment for his shoulder, the undisputed facts show that he failed to exhaust his administrative remedies prior to filing this lawsuit. With respect to his claim based on failure to provide treatment for cataracts, Defendants argue the undisputed evidence in the *Martinez* report[2] and

---

[1] When he filed this action, Plaintiff was incarcerated at LCF, and his claims are directed only at acts or omissions occurring there. Plaintiff has now been transferred to the James Crabtree Correctional Center.

[2] *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

the record herein establish that Plaintiff cannot, as a matter of law, prevail on that claim.

On August 8, 2013, the Magistrate Judge filed a Report and Recommendation [Doc. No. 58] in which she recommended that the summary judgment motions be granted. She also recommended that Plaintiff's motion for appointment of counsel [Doc. No. 56] be denied. Plaintiff was granted several extensions of time in which to object to the Report and Recommendation, and has now timely filed an objection. Accordingly, the matter is reviewed *de novo.*

Plaintiff's Eighth Amendment claims are based on his contention that the defendants denied him necessary medical care by cancelling scheduled surgery for the removal of cataracts, determining that the procedure was medically unnecessary. He also contends that, as a result, his vision was impaired, causing him to fall and injure his elbow and shoulder, and he contends the defendants also failed to provide proper medical treatment for his shoulder injury.

The procedural history of this case is explained at pages 2 and 3 of the Report and Recommendation and need not be repeated in this Order. The primary evidence of record is set out in the *Martinez* report filed by the defendants at the direction of the Magistrate Judge.

As explained by the Magistrate Judge, summary judgment is proper where the undisputed material facts in the record establish that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To avoid summary judgment, a plaintiff must present more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Establishing the existence of a "genuine" material factual dispute requires the nonmoving party to present evidence showing more than "some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 45 U.S. 574, 588 (1986). The facts and inferences drawn from

the record must be construed in the light most favorable to the plaintiff. *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005). The favorable inference is not available where a plaintiff asserts conclusory arguments not supported by evidence; facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Conclusory arguments in the nonmovant's brief are not adequate to create an issue of fact, and are insufficient to avoid summary judgment. *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003). Although Plaintiff's pleadings are afforded a liberal construction because he appears *pro se*, his *pro se* status does not relieve him from complying with the requirements of Fed. R. Civ. P. 56 or the other rules of procedure. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

As the Magistrate Judge explained, when a defendant seeks summary judgment on an issue which it has asserted as an affirmative defense, the defendant "must demonstrate that no disputed fact exists regarding" the asserted affirmative defense. *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). If the defendant does so, then the plaintiff "must demonstrate with specificity the existence of a disputed material fact"; if he fails to do so, the affirmative defense bars his claim, and the defendant is entitled to summary judgment on that claim. *Id.*

The record reflects that two arguments are raised in the summary judgment motions in this case: 1) the undisputed material facts establish that Plaintiff cannot prevail on his Eighth Amendment claim based on the defendants' alleged actions or failure to act with respect to Plaintiff's cataract removal; and 2) the undisputed material facts establish that Plaintiff failed to exhaust his administrative grievance procedures regarding his claim based on a shoulder injury, and the defendants are entitled to judgment on their affirmative defense of failure to exhaust available

remedies.

In the Report and Recommendation, the Magistrate Judge examined each of these contentions in detail, discussing the undisputed facts in the record in the context of the governing law. With respect to the Eighth Amendment claim based on Plaintiff's cataract surgery, the Magistrate Judge concluded that the undisputed facts establish he cannot prevail on that claim as a matter of law, thus entitling the defendants to judgment on that claim. Having reviewed the record, the Court agrees with the analysis and conclusion of the Magistrate Judge as set out at pages 12 through 18 of the Report and Recommendation. That discussion need not be repeated, and is adopted as though fully set forth herein.

Similarly, the Magistrate Judge discussed and analyzed in detail the undisputed facts and the applicable law governing Plaintiff's claim regarding his shoulder injury and the defendants' contention that he failed to exhaust the administrative remedies available to him. As she correctly noted, an inmate is statutorily required to exhaust all available administrative remedies prior to filing a § 1983 action. 42 U. S. C. § 1997e(a). The undisputed facts in the record establish that Plaintiff failed to fully exhaust the available remedies regarding his shoulder complaint prior to asserting that claim in this action. Although he argues that he was prevented from doing so by prison officials, the Magistrate Judge found the undisputed evidence in the record reflects that he was not prevented from fully exhausting the remedies for this claim.

The Court has reviewed the discussion of the facts and governing law set out in the Report and Recommendation at pages 5 through 11. The Court finds the discussion to accurately reflect the evidence and the law, and adopts it as though fully set forth herein. The Court agrees with the Magistrate Judge that the defendants are entitled to judgment on their affirmative defense based on

Plaintiff's failure to exhaust administrative remedies regarding his shoulder complaint.

In his objection to the Report and Recommendation, Plaintiff offers no evidentiary support or legal authority sufficient to alter the Court's conclusion. He requests an evidentiary hearing and the appointment of an attorney to assist him. However, the Court is not required to conduct evidentiary hearings on summary judgment motions, and may determine the issues from the facts in the record as applied to the governing law. "[T]he court was not required to hold a hearing before ruling on the motion." *Johnson v. Sedgwick County Sheriff's Dept.*, 461 F. App'x 756, 760 (10th Cir. 2012) (unpublished) (citing *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) ("[T]he parties' right to be heard may be fulfilled by the [district] court's review of the briefs and supporting affidavits and materials submitted to the court.")). In this case, Plaintiff has had considerable time in which to present to the Magistrate Judge and this Court the evidence required to create a genuine issue of material fact precluding summary judgment. He has not done so. The extensive record reviewed by the Magistrate Judge and this Court establishes that the undisputed material facts entitle the defendants to judgment as a matter of law on Plaintiff's claims.

Finally, the Court agrees with the Magistrate Judge that Plaintiff is not entitled to the appointment of counsel to assist him in this matter. "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). Appointment of counsel in prisoner § 1983 cases is permissible, but is appropriate only in complex cases in which the prisoner demonstrates a meritorious claim, and lacks the ability to present his claim. *See, e.g., Tarantola v. Cushing Memorial Hosp.*, 525 F. App'x 836 (10th Cir. 2013) (unpublished) (citing *Toevs v. Reid,* 685 F.3d 903, 916 (10th Cir. 2012)). Plaintiff in this case has not satisfied this burden. This case does

not present complex factual or legal issues, and Plaintiff's efforts in this case demonstrate no deficiency or lack of ability to pursue the claims.[3] The motion is properly denied.

For the foregoing reasons, the Report and Recommendation [Doc. No. 58] is adopted as though fully set forth herein.  The motions [Doc. Nos. 42 and 44] for summary judgment are GRANTED.  Plaintiff's motion for appointment of counsel [Doc. No. 56] is DENIED.  Judgment shall be entered accordingly.

IT IS SO ORDERED this 8th day of November, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] The record also reflects that, on several occasions, Plaintiff has sought extensions of filing deadlines so that he can properly research the law and present his arguments.  The Magistrate Judge and the Court have consistently granted his requested extensions.